IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONY LYNN McKNIGHT, § | |
| TDCJ #781305, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-3272 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice - § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

The petitioner, Tony Lynn McKnight (TDCJ #781305), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). McKnight has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of two prison disciplinary convictions. The respondent has filed a motion for summary judgment, arguing that McKnight is not entitled to relief. [Doc. # 11]. McKnight has filed a response. After reviewing all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.   BACKGROUND

McKnight is presently incarcerated as the result of a felony conviction for indecency with a child by exposure and for burglary of a building. [Doc. # 11, Exhibit A]. McKnight does not challenge any of his underlying convictions here. Instead, he challenges the result

of two prison disciplinary proceedings lodged against him at the Estelle Unit, in Huntsville, Texas, where he is presently confined. Both of the disciplinary charges at issue were initiated against McKnight on August 14, 2008. The respondent has provided the administrative report and record of the investigation, as well as an audiotape from the disciplinary hearing. [Doc. # 12]. The charged offenses and the disciplinary proceedings are described briefly below.

In disciplinary case #20080344668, officials charged McKnight with violating prison rules by making an "unauthorized commodity transfer" to another inmate, identified as Frederick Lane (TDCJ #688213). In particular, McKnight was accused of drawing pictures of naked children and transferring those drawings to Lane. In disciplinary case #20080346677, officials charged McKnight with possessing contraband, namely, "pornographic drawings and pictures cut of out magazines of small children," which items were not allowed or authorized.

At a disciplinary hearing on August 21, 2008, McKnight entered a plea of "not guilty" in both cases. The charging officer's report included a letter from McKnight in which he admitted that he made "some drawings that depict little kids naked" and that he "reluctantly" drew them for Lane's "sexual enjoyment." The record also contained drawings of scantily clad children in various poses. One of them is holding a pacifier shaped like a penis. After considering the all of the evidence and testimony at the hearing, the disciplinary captain found McKnight guilty as charged in both cases.

As a result of the disciplinary convictions in #20080344668 and #20080346677, McKnight spent 15 days in solitary confinement. In addition, the disciplinary captain suspended McKnight's commissary privileges for a total of 45 days and he was also restricted to his cell for that same period. McKnight was reduced in classification status from L1 to L3. McKnight's contact visitation privileges were suspended for four months, through December 21, 2008. In addition, McKnight forfeited 60 days of previously earned credit for good conduct (*i.e.*, "good-time credit") as a result of his conviction in #20080344668. McKnight challenged both convictions by filing a Step 1 and Step 2 grievance, but his appeals were unsuccessful.

McKnight now seeks a federal writ of habeas corpus to challenge his disciplinary convictions. McKnight complains that the disciplinary conviction violates due process because the charges were not supported by sufficient evidence. The respondent argues that McKnight is not entitled to relief because he fails to show that he was punished improperly without due process. The parties' contentions are discussed below under the standard of review that governs disciplinary proceedings in the prison context.

## II.     PRISON DISCIPLINARY PROCEEDINGS

McKnight seeks a federal writ of habeas corpus to challenge the result of two prison disciplinary convictions, which resulted in the loss of 60 days of good-time credit and other miscellaneous sanctions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v.*

*Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The respondent argues that McKnight fails to demonstrate a valid claim because he does not show that he was punished as a result of the disciplinary charges in violation of constitutionally mandated safeguards.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). McKnight's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

       **1.**    **Miscellaneous Sanctions: Loss of Privileges, Solitary Confinement, and Reduced Status**

As outlined above, McKnight temporarily lost commissary and visitation privileges as a result of his disciplinary convictions in case #20080344668 and #20080346677. He was also temporarily placed in solitary confinement and he was restricted to his cell in the general population for 45 days. In addition, prison officials reduced McKnight's classification status from L1 to L3.

None of the above-referenced sanctions affect the duration of McKnight's sentence. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the above-referenced sanctions do not implicate a protected liberty interest, McKnight is not entitled to habeas corpus relief from these forms of punishment.

### 2.    **Claims Concerning Lost Good-Time Credits**

As a result of his disciplinary conviction for making an unauthorized commodity transfer in case #20080344668, McKnight lost 60 days of previously earned good-time credit. When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). It appears that McKnight is eligible for mandatory supervision and, therefore, that he had a protected liberty interest in his previously earned

good-time credits. *See Teague*, 482 F.3d at 775-76 (citing *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000)). To the extent that McKnight had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context. In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

McKnight does not dispute that he received sufficient notice of the charges and an adequate opportunity to present evidence on his own behalf. Likewise, McKnight concedes

that he received a written statement of the reason for his conviction. The disciplinary hearing records confirm that McKnight was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense at a disciplinary hearing. He was also given a written copy of the *TDCJ Disciplinary Report and Hearing Record* detailing the reasons for his conviction. Accordingly, there is no showing that McKnight was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

Here, McKnight complains that the charges were not supported by sufficient evidence and that his disciplinary conviction is unconstitutional for this reason. In addition to the procedural safeguards articulated in *Wolff*, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). It is well settled, however, that "federal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. Unit A 1981); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Turner v. Johnson*, 46 F. Supp. 2d 655, 660 (S.D. Tex. 1999). To satisfy the Due Process Clause in the context of prison disciplinary proceedings "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. "The goal of

this standard — variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' — is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001) (citing *Hill*, 472 U.S. at 455). Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson*, 242 F.3d at 537.

As noted above, the record contains the administrative report and record, which includes an audiotape of the disciplinary hearing. [Doc. # 12]. At the disciplinary hearing, McKnight identified several drawings that were confiscated from his cell. Copies of the drawings are included with the charging officer's report. McKnight testified that he drew pictures of naked children for "cathartic" purposes as part of his "rehabilitation." McKnight disagreed that the pictures were "pornographic" or sexual in nature.[1] Nevertheless, McKnight admitted that he gave drawings to other inmates. The disciplinary hearing officer observed that this constitutes unauthorized "trafficking and trading."[2] In addition to

---

[1] McKnight claims in his memorandum that the drawings do not feature children, but instead are "little people" or "'midgets' in skimpy clothing." [Doc. # 2, at 3, 4]. Whether the drawings are pornographic or not is irrelevant to the charge at issue in disciplinary case #20080344668, which accused McKnight of an unauthorized commodity transfer or "trafficking and trading."

[2] McKnight disputes that the transfer constituted an offense because he did not receive anything in exchange for the drawings. The TDCJ Disciplinary Report and Hearing Record shows, however, that McKnight was not charged with making an "unauthorized exchange," as he appears to allege. Instead, McKnight was charged in case #20080344668 with making
(continued...)

9

McKnight's testimony, the disciplinary captain considered a letter written by McKnight in which he admitted transferring drawings of naked children to inmate Lane for his "sexual enjoyment." According to the charging officer's statement, McKnight incriminated himself when he was confronted with the letter and admitted transferring the drawings to Lane. When the evidence was summarized at the close of the hearing, McKnight confessed that he was "guilty" as charged.

McKnight complains that, although he transferred the drawings to Fred Lane, he only did so because Lane was engaging in extortion. McKnight states in his letter and in the grievances filed after his disciplinary conviction that he gave Lane commissary items so that Lane would not give copies of the drawings to prison officials. The written offense report, the letter, and McKnight's testimony are more than sufficient evidence to sustain the disciplinary conviction for making an unauthorized transfer in this instance. *See Hudson*, 242 F.3d at 537 (finding that the offense report, standing alone, meets the "some evidence" standard). Because there was sufficient evidence to support the guilty finding, this Court

---

[2](...continued)
an "unauthorized commodity transfer" of the drawings to another inmate in violation of Offense Code 15.0. According to the *TDCJ Disciplinary Rules and Procedures for Offenders*, www.tdcj.state.tx.us (publications) (last visited March 26, 2010), Offense Code 15.0 prohibits "trafficking and trading," which is defined as "[t]he unauthorized buying, selling, exchange or transfer of any commodity from any individual, other than making authorized purchases from the commissary (evidence may include an excessive inventory of marketable items)." Because the rule prohibits a "transfer of any commodity" and does not require an exchange, McKnight fails to show that the evidence was insufficient to establish a violation. Notably, McKnight was not charged under Offense Code 15.1, which prohibits an "exchange of goods or services," such as the sale of "pornographic depictions," for financial gain.

must defer to the disciplinary hearing officer. *See Hudson*, 242 F.3d at 537. McKnight has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Accordingly, the respondent is entitled to summary judgment and the petition must be dismissed.

### III.     CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 11] is **GRANTED**.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on March 30th, 2010.

Nancy F. Atlas
United States District Judge